IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-v-

$21,900 UNITED STATES CURRENCY,

Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Mary Clare Kane, Assistant United States Attorney, of counsel, for its verified complaint herein alleges as follows:

## CAUSE OF ACTION

1. This is an action in rem for the forfeiture of $21,900 United States currency (hereinafter "defendant currency"), which was seized from 119 Nichols Street, Apartment 5, Lockport, New York, the residence of Eddie A. James (hereinafter "James"), pursuant to Title 21, United States Code, Section 881(a)(6).

2. This court has subject matter jurisdiction of this action pursuant to Title 28, United States Code, Sections 1345 and 1355(a) and in rem jurisdiction pursuant to Title 28, United States Code, Sections 1355(b) and 1355(d). Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Section 1395 and Title 21, United States Code, Section 881(j).

3. On November 24, 2020, Homeland Security Investigations ("HSI"), Border Enforcement Security Taskforce ("BEST") and Niagara County Drug Task Force ("NCDTF"), seized the defendant currency from James' residence following the execution of a New York State search warrant. The defendant currency was seized upon the basis that it was furnished, or intended to be furnished, in exchange for a controlled substance, as proceeds traceable to exchanges of controlled substances, and/or had otherwise been used or intended to be used to facilitate a violation of Title 21, United States Code, Section 801 et. seq. The defendant currency was placed in and remains in the custody of the Port Director, United States Customs and Border Protection ("CBP"), Buffalo, New York, within this judicial district.

**INVESTIGATION**

4. In August 2020, an investigation was commenced by the NCDTF after information was received that James was selling, storing and distributing quantities of crack cocaine and other controlled substances in the Western District of New York.

5. On August 3, 2020, a NCDTF Investigator met with a confidential informant ("CI") for the purpose of making a controlled buy from James. The investigator transported the CI to the pre-arranged location in the area of Willow Street, Lockport, New York. A short time later, James arrived in a red Ford Fusion (NY JES 6264) and approached the CI. No one else was in the vehicle. The CI gave James U.S. currency in exchange for a white chunk substance. The Niagara County Sheriff's Office Forensic Laboratory analyzed the substance and confirmed that it contained cocaine.

6. On August 4, 2020, a NCDTF Investigator met with the CI for the purpose of making another controlled buy from James. The investigator drove the CI to the pre-arranged in the area of Willow Street, Lockport, New York. A short time later, James arrived alone in a red Ford Fusion and approached the CI. James was the driver and sole occupant of the vehicle. The CI gave James U.S currency in exchange for a white chunk substance. The Niagara County Sheriff's Office Forensic Laboratory analyzed the substance and confirmed that it contained cocaine.

7. On October 29, 2020, a NCDTF Investigator met with the CI for the purpose of making another controlled buy from James. The investigator drove the CI to the pre-arranged in the area of South Transit Street, Lockport, New York. A short time later, James arrived alone in a red Ford Fusion and approached the CI. The CI gave James U.S. currency in exchange for a white chunk substance. The Niagara County Sheriff's Office Forensic Laboratory analyzed the substance and confirmed that it contained cocaine.

## EXECUTION OF SEARCH WARRANT

8. On November 17, 2020, a New York State search warrant was issued which authorized the search of James' person; his vehicle, a red 2013 Ford Fusion (NY JES 6264); and his residence at 119 Nichols Street, Apartment 5, Lockport, New York.

9. During the execution of the search warrant on November 24, 2020, law enforcement officers recovered the following items from 119 Nichols Street, Apartment 5:

a. **from a spare bedroom found in a black duffel bag in the bedroom closet**:

(1) a Mossberg Model 88 12-gauge, sawed off shotgun; and

(2) 3 Winchester 12 gauge rounds.

b. **from the living room**:

(1) a plastic bag containing cocaine under a couch cushion that James was sitting on, weighing approximately 13.5 grams;

(2) a knotted baggie with marijuana on the living room tray table, weighing approximately 3.56 grams;

(3) a working digital scale with residue on an ottoman; and

(4) $400 U.S. currency from James' left pants pocket.

c. **from the master bedroom**:

(1) $500 U.S. currency in a top dresser drawer; and

(2) $21,000 U.S. currency in a crumpled brown bag near the headboard of the bed.

10. At the time of the execution of the warrant, James was stated to law enforcement that he had been unemployed for more than a year.

**ARREST AND SEIZURE**

11. On November 24, 2020, James was arrested pursuant to a New York State Indictment Warrant. James was indicted by a Niagara County Grand Jury and charged with two counts of Criminal Possession of a Controlled Substance in the Third Degree: Narcotic Drug with Intent to Sell, in violation of New York Penal State Law Section 220.16-0, and two counts of Criminal Sale of a Controlled Substance in the Third Degree: Narcotic Drug, in violation of New York State Penal Law Section 220.39-01. The charges are pending in Niagara County Supreme Court.

12. The defendant currency was seized and turned over to CBP for forfeiture pursuant to Title 21, United States, Code, Section 881(a)(6). The breakdown of the denomination of the bills, which were wrapped in rubber bands, is as follows:

| Number of Bills | Denomination |
|---|---|
| 51 | $100 |
| 106 | $50 |
| 528 | $20 |
| 74 | $10 |
| 40 | $5 |

13. Based upon the training and experience of law enforcement, cash is the almost exclusive medium of exchange for drug dealers. Further, the abundance of twenty-dollar bills is significant because small denominations (such as twenty-dollar bills) are more commonly used than any other denominations in street level narcotics trafficking.

**JAMES' PRIOR CRIMINAL HISTORY**

14. James has criminal history record dating back to 1989 which includes the following drug related arrests and convictions:

a. On December 4, 1989, James was arrested by New York City Police Department ("NYPD") and charged with Criminal Possession of a Controlled Substance in the Third Degree: Narcotic Drug with Intent to Sell, in violation of New York State Penal Law Section 220.16-01. On September 4, 1991, James pled guilty in Kings County Supreme Court to Criminal Possession of a Controlled Substance in the Fifth Degree: with Intent to Sell, in violation of New York State Penal Law Section 220.06-01. He was sentenced to 6 months imprisonment and 5 years' probation.

b. On July 19, 1991, James was arrested by NYPD and charged with Criminal Possession of a Controlled Substance in the Third Degree: Narcotic Drug with Intent to Sell, in violation of New York State Penal Law Section 220.16-01 and Criminal Possession of Narcotic Drug in the Fourth Degree, in violation of New York Penal Law Section 220.09-01. On September 4, 1991, James pled guilty in Kings County Supreme Court to Attempted Criminal Possession of a Controlled Substance in the Third Degree: Narcotic Drug with Intent to Sell, in violation of New York State Penal Law Section 110-220.16-0. He was

sentenced to 6 months imprisonment and 5 years' probation.

c. On November 5, 2011, James was arrested by Lockport City Police Department ("LPD") and charged with Burglary in the Second Degree, in violation of New York Penal Law Section 140.25; Criminal Possession of a Controlled Substance in the Fifth Degree: Narcotic, in violation of New York Penal Law Section 220.06-02; Criminal Use of Drug Paraphernalia in the Second Degree: Scales, in violation of New York Penal Law Section 220.50-03; Resisting Arrest, in violation of New York Penal Law Section 205.30; Obstructing Governmental Administration in the Second Degree, in violation of New York Penal Law Section 195.05; and Criminal Possession of Marijuana in the Fifth Degree: Aggregate Weigh More Than 25 Grams, in violation of New York Penal Law Section 221.10-02. On November 9, 2012, James pled guilty in Lockport City Court Criminal Division to Attempted Criminal Possession of a Narcotic Drug in the Fourth Degree, in violation of New York State Penal Section 110-220.09-01. He was sentenced to 1 year imprisonment and 2 years of post release supervision.

d. On May 3, 2012, James was arrested by Niagara County Sheriff's Office ("NCSO") and charged with two counts of Criminal Possession of a Controlled Substance in the Third Degree: Narcotic Drug with Intent to Sell, in violation of New York Penal Law Section 220.16-01; and two counts of Criminal Sale of a Controlled substance in the Third Degree: Narcotic Drug, in violation of New York Penal Law Section 220.39-01. On November 9, 2012, James pled guilty in Niagara County Court to Criminal Sale of a Controlled Substance in the Fifth Degree, in violation of New York Penal Law Section 220.31. He was sentenced to 1 year imprisonment and 2 years post release supervision time.

**INITIATION OF CIVIL JUDICIAL ACTION**

15. On or about February 1, 2021, Herbert L. Greenman, Esq. submitted a Verified Claim of ownership on behalf of Eddie A. James to CBP to halt the administrative forfeiture proceedings concerning the defendant currency and for the institution of a judicial forfeiture action.

**CONCLUSION AND REQUEST FOR RELIEF**

16. Based upon all of the foregoing facts, the circumstances surrounding these facts, and the experience and training of officers involved, there is cause to believe that the defendant currency was furnished or intended to be furnished in exchange for a controlled substance, is proceeds traceable to exchanges of controlled substances, or was used or intended to be used to facilitate the, sale, receipt, or possession of controlled substances in violation of Title 21, United States Code, Section 801 et. seq., and the currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the plaintiff requests the following relief:

(1) that an Arrest Warrant in rem be issued for the defendant currency;

(2) that all persons having any interest therein be cited to appear herein and show cause why the forfeiture should not be decreed;

(3) that judgment be entered declaring the defendant currency be forfeited and condemned to the United States of America for disposition in accordance with law;

(4) that the costs of this suit be paid to and recovered by the United States of America; and

(5) that the Court grant such further relief as deemed just and proper.

DATED: Buffalo, New York, April 26, 2021.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: s/MARY CLARE KANE
Assistant United States Attorney
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5809
mary.kane@usdoj.gov

STATE OF NEW YORK)
COUNTY OF ERIE ) ss
CITY OF BUFFALO )

DANIEL J. DOUGLAS, being duly sworn, deposes and says:

I am an Investigator with the Niagara County Drug Task Force and a Task Force Officer assigned to Homeland Security Investigations. I am familiar with the forfeiture case against $21,900 United States currency, on behalf of the United States of America. The facts alleged in the Complaint for Forfeiture are true to the best of my knowledge and belief based upon information officially furnished to me by the officials of the United States Department of Justice, the Homeland Security Investigations, Border Enforcement Security Taskforce, and the Niagara County Drug Task Force.

s/DANIEL J. DOUGLAS

Subscribed and sworn to before me
this 26th day of April, 2021

s/Cheryl LoTempio
Notary Public

Cheryl LoTempio
Notary Public, State of New York
Qualified in Erie County
Commission Expires 6/30/2022